FILED _____ ENTERED
_____ LODGED _____ RECEIVED
FEB 12 2008    DJ
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

08-CV-00238-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TODD COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>GEE WEST SEATTLE, LLC,<br><br>Defendant. | Case No: C08-0238P<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE WARN ACT<br><br>**JURY DEMAND** |

## I. NATURE OF ACTION

1.1   This is a class action under the Worker Adjustment and Retraining Notification ("WARN") Act of 1988, 29 U.S.C. § 2101, resulting from defendant's October 2007 closing of all of its West Seattle auto dealerships without providing the required 60 days' notice to affected employees.

## II. JURISDICTION AND VENUE

2.1   This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(5).

2.2   Venue is appropriate in the Western District of Washington at Seattle under 28 U.S.C. §1391(b).

COMPLAINT – 1

ORIGINAL

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



## III. PARTIES

3.1   Defendant Gee West Seattle, LLC ("Gee") is a Washington limited liability company. At all times pertinent to this complaint, defendant Gee was an employer within the meaning of the WARN Act.

3.2   Representative plaintiff Todd Collins was employed by defendant Gee as a Fleet Manager at one of the West Seattle auto dealerships. At all times pertinent to this complaint, he was an employee within the meaning of the WARN Act.

## IV. FACTS

4.1   In January 2007 defendant Gee purchased several auto dealerships in the West Seattle neighborhood in Seattle, Washington.

4.2   In early October 2007, defendant Gee closed its West Seattle auto dealerships. The closure resulted in the termination of the employment of essentially all of the employees who worked at defendant Gee's West Seattle auto dealerships.

4.3   Defendant Gee failed to provide 60 days' written notice to its employees of the closure of its West Seattle auto dealerships.

## V. CLASS ACTION ALLEGATIONS

5.1   This lawsuit is properly maintainable as a class action under Fed. R. Civ. P. 23(a) & (b)(3).

5.2   Plaintiff seeks to represent a class comprising all employees who were laid off when defendant closed its West Seattle auto dealerships in October 2007.

5.3   The class is so numerous that joinder of all members is impractical. On information and belief, the class consists of over 150 individuals.

COMPLAINT – 2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

5.4  There are questions of law and fact common to the class including:

(a) Whether defendant Gee's closing of its West Seattle auto dealerships in October 2007 was a plant closing under the WARN Act;

(b) Whether defendant Gee was required to provide WARN notices; and

(c) Whether the class are "aggrieved employees."

5.5  Plaintiff Collins' claims are typical of the claims of the members of the class.

5.6  Defendant Gee's anticipated defenses will be the same for any claim brought by any member of the class.

5.7  Plaintiff Collins will fairly and adequately protect the interests of the class. Plaintiff Collins has no interests in conflict with the members of the class.

5.8  Plaintiff Collins has retained attorneys experienced in class action litigation including WARN Act class actions.

5.9  Certification of the class described above is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because:

(a) Common questions of law or fact predominate over any questions affecting only individual members of the class; and

(b) A class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

5.10  Plaintiff and plaintiff's counsel are not aware of any pending litigation raising the claims asserted herein on behalf of the class.

COMPLAINT – 3

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

5.11   Judicial economy will be advanced if the claims of plaintiff and the class are litigated in this forum.

5.12   Plaintiff is not aware of any difficulties likely to be encountered in managing this lawsuit as a class action.

## VI. CAUSE OF ACTION: VIOLATION OF THE WARN ACT

6.1   Plaintiff incorporates by reference paragraphs 1.1 through 5.12 of the Complaint as if fully set forth herein.

6.2   Defendant Gee's West Seattle auto dealerships constituted a single site of employment within the meaning of the WARN Act.

6.3   Defendant Gee was required to give 60 days' notice in writing to plaintiff and the class prior to the effective date of the closure of defendant's West Seattle auto dealerships.

6.4   Defendant Gee failed to give the required 60 days' notice to plaintiff or the class.

6.5   Plaintiff and the class are "aggrieved employees" under the WARN Act.

6.6   Plaintiff and each member of the class are entitled to backpay for each day of violation at the rate of compensation equal to the greater of the employee's final regular rate or the average regular rate by the employee during his or her final three years of employment with defendant.

///

///

COMPLAINT – 4

## VII. REQUEST FOR RELIEF

WHEREFORE, plaintiff requests that the court:

1. Enter an order certifying the class pursuant to Fed. R. Civ. P. 23;

2. Award backpay and benefits under 29 U.S.C. § 2104(a)(1);

3. Award attorney fees' and costs pursuant to 29 U.S.C. § 2104(a)(6);

4. Award prejudgment interest; and

5. Such other and further relief as this court deems just and proper under the circumstances.

Dated this 8th day of February, 2008.

FRANK FREED SUBIT & THOMAS LLP

By _____
Steven B. Frank, WSBA #4944
Michael C. Subit, WSBA #29189
Attorneys for Plaintiff

COMPLAINT – 5

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711